```
              IN THE UNITED STATES DISTRICT COURT FOR THE
                      EASTERN DISTRICT OF OKLAHOMA
```

LEE D. QUINTON,                )
                               )
        Plaintiff,             )
                               )
v.                             )       No. CIV-09-130-FHS
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security Administration,       )
                               )
        Defendant.             )

## ORDER REMANDING CASE FOR FURTHER PROCEEDINGS

Before the court for its consideration is Plaintiff's Motion to Remand (Doc. No. 16). Plaintiff seeks a remand pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings due to an incomplete administrative record. Plaintiff contends certain exhibits, which were identified by the Administrative Law Judge in the underlying decision, are not part of the record on file. Plaintiff also contends the Commissioner has failed to provide a complete transcript. Having reviewed the motion and the record in this case, the Court finds that Plaintiff's Motion to Remand (Doc. No. 16) should be granted and this action should be remanded to the Commissioner for further administrative proceedings. The remand entered herein is granted pursuant to sentence six of 42 U.S.C. § 405(g), however, and not sentence four as requested by Plaintiff.

A court is authorized to remand a social security case under three circumstances:

> The court may remand the case after passing on its merits
> and issuing a judgment affirming, reversing, or modifying

>    the [Commissioner's] decision, a "sentence four" remand.
>    Alternatively, the court may remand the case without
>    ruling on the merits if (a) the [Commissioner] requests
>    remand, for good cause, prior to filing [his] answer; or
>    (b) new and material evidence comes to light, and there
>    is good cause for failing to incorporate such evidence in
>    the earlier proceeding.  These are "sentence six"
>    remands.

Nguyen v. Shalala, 43 F.3d 1400, 1403 (10th Cir. 1994).

Plaintiff's motion presents some procedural difficulties. Plaintiff's invocation of a "sentence four" remand is inappropriate as the remand requested is clearly not one which would be based on a ruling on the merits as contemplated by the language of section 405(g).  Nor is this a case under the second section of sentence six of section 405(g) based on new and material evidence coming to light.  Finally, the Court is not aware of any authority which would allow a remand to be sought by a Plaintiff, as opposed to the Commissioner, under the first section of sentence six of section 405(g).  Notwithstanding these deficiencies, the Court finds it appropriate to remand this case.  The Commissioner's response to the Motion to Remand will be construed as a joinder in Plaintiff's request for remand given that the Commissioner states he has no objection to a remand for completion of the certified administrative record and for further development of the record. Thus, the jointly pursued motion will be evaluated under the first section of sentence four of section 405(g).

The Court finds that the failure to provide a complete administrative record represents "good cause" for a remand of this case pursuant to sentence six of 42 U.S.C. § 405(g).  Consequently, the jointly pursued Motion to Remand (Doc. No. 16) is granted and this case is ordered remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further administrative

proceedings.

It is so ordered this 21st day of August, 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma